**EXXONMOBIL OIL CORPORATION,**
**Petitioner**

v.

**FEDERAL ENERGY REGULATORY**
**COMMISSION and United States**
**of America, Respondents**

**SFPP, L.P., Intervenor.**

**Nos. 05–1471, 05–1472.**

United States Court of Appeals,
District of Columbia Circuit.

Feb. 27, 2007.

Gordon Gooch, Travis & Gooch, Arlington, VA, Elisabeth R. Myers, Blackwell Sanders Peper Martin, Washington, DC, for Petitioner.

Before: SENTELLE, RANDOLPH and BROWN, Circuit Judges.

### *JUDGMENT*

This petition for review of a decision of the Federal Energy Regulatory Commission was presented to the court, and briefed and argued by counsel. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. R. 36(b). It is

**ORDERED** and **ADJUDGED** that the petition be dismissed.

Petitioners ExxonMobil Oil Corporation and BP West Coast Products LLC protested a rate filing by SFPP, L.P., to the Federal Energy Regulatory Commission. Petitioners claimed that the rate increase was substantially in excess of any actual cost increases SFPP incurred. The Commission rejected the protest, thereby refusing to initiate an investigation under section 15(7) of the Interstate Commerce Act, 49 U.S.C.App. § 15(7). We dismiss the petition because we are without jurisdiction to review the Commission's failure to investigate.

The Supreme Court held in *Southern Railway Co. v. Seaboard Allied Milling Corp.,* 442 U.S. 444, 454, 99 S.Ct. 2388, 60 L.Ed.2d 1017 (1979), that former section 15(8)(a) of the Interstate Commerce Act, 49 U.S.C.App. § 15(8)(a) (1976), a derivative of section 15(7), *see Exxon Pipeline Co. v. United States,* 725 F.2d 1467, 1478 n. 6 (D.C.Cir.1984) (Wright, J., concurring), precluded judicial review of an agency's decision not to order a hearing. *See also Arctic Slope Reg'l Corp. v. FERC,* 832 F.2d 158, 164–65 (D.C.Cir.1987). Section 15(7) is a statute that "precludes judicial review," 5 U.S.C. § 701(a)(1). *See Heckler*

*v. Chaney,* 470 U.S. 821, 828–29, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1985). The Commission's decision not to investigate is therefore not reviewable. We see no basis for distinguishing *Southern Railway* and petitioners have offered none.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.